EMMA A. DAVIDSON, BY HER NEXT FRIEND, JAMES V. DAVIDSON AND SARAH E. ALLEN, *Appellants,* v. WILLIAM D. COLLIER, *et al., Appellees.*

Opinion filed May 31, 1918.

The findings of the Chancellor on the facts, where the evidence is taken before a Special Master, should not be disturbed by an appellate court unless such findings are clearly shown to be erroneous.

Appeal· from Circuit Court for Pinellas County, O. K. Reaves, Judge.

Decree affirmed.

*Howard P. Macfarlane,* for Appellants;

*Jas. F. Glen, John U. Bird* and *C. W. Stevens,* for Appellees.

PER CURIAM.—This suit was brought to · re-establish an alleged lost deed to certain land described in the bill of complaint and to quiet the title to such land in the complainant. The answer of the defendants denied the execution and existence of such deed and after the taking of testimony upon final hearing the court below held and decreed that the equities were with the defendants. Upon the facts it was held by the court below that even if certain testimony for complainants, which was upon objection excluded, was considered the evidence was too indefinite and uncertain to establish the allegations of the bill, and the bill was dismissed.

It is well settled here that the findings of the Chancellor on the facts where the evidence is taken before a Special Master should not be disturbed by an appellate court unless such findings are clearly shown to have been erroneous. Simpson v. First National Bank of Pensacola, 74 Fla. 539, 77 South. Rep. 204; Williams v. Bailey, 69 Fla. 225, 67 South. Rep. 877.

This case is clearly within this rule and it would serve no useful purpose to set out or discuss the evidence in this opinion.

The decree will be affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.