JAMES SMITH, *Appellant,* v. J. H. DOWLING AND S. M. MARTIN, *Appellees.*

Opinion Filed June 6, 1921.

Petition for Rehearing Denied June 26, 1921.

1.  Neither evidence of the contents of pleas nor the pleas themselves of defendants, not signed or sworn to, in an action on a bond upon which they are sureties are admissible as evidence against such defendants who are complainants in a subsequent suit between such sureties brought for the purpose of requiring certain of them, who are defendants in the latter suit, to contribute each his ratable proportion of the obligation to complainants who have paid the amount in full upon the grounds, first, that if offered for the purpose of adding probative force to the evidence of defendants such evidence is inadmissible because in the nature of self-serving declarations, and, second, if offered to discredit complainants in the latter action it is inadmissible because such pleas are neither signed nor sworn to by them and are therefore ineffectual to estop them from assuming a contrary attitude.

2.  "The rule is well settled both in England and in the United States that an act done by a person in the presence of another, and by his direction or with his consent, as the signing or execution of a sealed instrument, for example, is not regarded as the act of an agent, but is the direct act of the person by whose direction it is done."

3.  Where testimony is conflicting, but there is evidence sufficient to support the finding of the chancellor upon questions of fact the decree will not be reversed unless it clearly appears to be erroneous.

An Appeal from a Decree of the Circuit Court for Suwannee County; M. F. Horne, Judge.

Affirmed.

*J. B. Johnson,* for Appellant;

*McCollum & Clark, for Appellees.*

WEST, J.—The object of this suit is to require certain sureties upon a bond to contribute their ratable proportions of the obligation to other sureties who have paid the full amount for which all the obligors were liable.

The bond was given by the Live Oak Citizens Bank with certain individuals who were its directors as sureties to secure to the city of Live Oak the payment to it on demand any and all sums of money which the city then had or might thereafter place on deposit in said bank.

The bill alleges the execution of the bond, the insolvency of the bank, its being placed in the hands of a receiver for liquidation, its failure to pay said city moneys on deposit with it to the credit of the city except a small proportion thereof paid by the receiver, the payment of the balance of the amount due the city by complainants, who were sureties on the bond, after an action at law had been instituted by the city on the bond to recover from the several sureties, complainants and defendant in this suit, the amount due the city by the insolvent bank.

The bill further alleges that complainants had paid the full amount due upon the bond, that defendants had paid no part of same and that complainants were entitled to contribution and reimbursement from defendants, their co-sureties, the ratable proportion of the defendants, depending in amount upon the number who were solvent and able to respond who were within the jurisdiction of and subject to the processes of the court.

The bill waived answer under oath and prayed that an accounting be taken, that each defendant be required to show whether he is or is not solvent, and that each defendant be decreed and required to pay to complainants such amount as shall be found to be due upon the obligation as his ratable proportion thereof, together with costs and attorney fees incurred on account of same, and for general relief.

Decrees pro confesso were taken against all the defendants except the defendant, James Smith, who answered the bill. His answer is contained in two short paragraphs by which he denies that he signed and executed the bond described, denies that he is a surety on the bond and denies that the bond sued on is his bond.

Evidence was taken upon the issue made by this answer and upon a final hearing the decision was in complainants' favor and final decree was entered adjudging one of the defendants to be beyond the reach of the process of the court, others to be insolvent, that complainants were entitled to contribution and reimbursement from the defendant, James Smith, and that complainants do have and recover from him on account thereof the sum found to be due by him. The final decree recites that decree pro confesso was entered against each of the other defendants. To review this decree this appeal was taken.

The first and second assignments of error raise questions of similar character. The first challenges a ruling of the court sustaining objections to a question propounded to the defendant respecting the contents of the pleas interposed by him and other defendants in the action at law, and the second challenges a ruling of the court sustaining objections to the introduction in evidence of such pleas in behalf of defendant. The pleas were joint pleas

of complainant and defendants, all of whom were defendants in the action at law.

There is no merit in either of these assignments. If the evidence of the contents of the pleas to the action at law was offered upon the theory that it added probative force to the evidence of defendant, it is inadmissible on the ground that it is clearly in the nature of a self-serving declaration and the ruling excluding it was therefore proper. If the pleas themselves were offered for the purpose of contradicting complainants or to affect the credibility of the evidence offered by them because of inconsistencies between such evidence and the contents of the pleas, they were inadmissible for the reason that the pleas were not signed or sworn to by complainants and it was explained by them that in so far as their interest was concerned the pleas were filed by counsel representing them rather as a temporary expedient to prevent judgment by default being entered pending negotiations for a compromise settlement of the claim against them then in progress rather than as a bona fide defense to the action; that the grounds of defense to the action set up by the pleas were not suggested to counsel by complainants and such pleas were prepared by counsel who was in a general way familiar with the history of the transaction and who understood that complainants intended to discharge their liability under the bond by payment as soon as a satisfactory basis of settlement could be arrived at. With this explanation, the pleas, not being signed or sworn to by complainants, were clearly inadmissible and there was no error in excluding them.

The only other assignment questions the sufficiency of the evidence to sustain the findings of fact of the chancellor.

We have seen that the defendant in his answer denied that he signed the bond and denied that the bond sued on was his bond. On this point there is conflict in the evidence. It seems to be proved that defendant could not sign his name, but there is other evidence to the effect that the person who did sign for him did so in his presence and at his direction and that such person frequently signed other papers for him in that way. This was a sufficient signing of the instrument. In Pierce v. Dekle et al., 61 Fla. 390, 54 South. Rep. 389, in dealing with a similar question, this court said: "The rule is well settled, both in England and in the United States, that an act done by a person in the presence of another, and by his direction or with his consent, as the signing or execution of a sealed instrument, for example, is not regarded as the act of an agent, but is the direct act of the person by whose direction it is done." 36 Cyc. 451; Clark & Skyles on the Law of Agency, Secs. 15, 52c; Lewis v. Watson, 98 Ala. 479, 13 South. Rep. 570, 39 Am. St. Rep. 82, 22 L. R. A. 297 and note; Jansen v. McCahill, 22 Cal. 563, 83 Am. Dec. 84; Reinhart v. Miller, 22 Ga. 402, 68 Am. Dec. 506; Gardner v. Gardner, 5 Cush. 483 (Mass.), 52 Am. Dec. 740; Fitzpatrick v. Engard, 175 Pa. St. 393, 34 Atl. Rep. 803.

It would be of no benefit to set out or recite the evidence offered by the respective parties. The case is well within the familiar rule, often reiterated, that where testimony is conflicting, but there is evidence sufficient to support the finding of the chancellor upon questions of fact the decree will not be reversed unless it clearly appears to be erroneous. Travis v. Travis, 81 Fla. —, 87 South. Rep. 762; Hill v. Beacham et al., 79 Fla. 430, 85 South. Rep. 147; Douglas et ux v. Ogle, 80 Fla. 42, 85 South. Rep. 243; Whidden v. Rogers, Jr., Trustee, 78 Fla.

93, 82 South. Rep. 611; Boyd v. Gosser, 78 Fla. 64, 82 South. Rep. 758, 6 A. L. R. 500; Brickell v. Town of Ft. Lauderdale, 75 Fla. 622, 78 South. Rep. 681; Manasse v. Dutton Bank, 75 Fla. 327, 78 South. Rep. 424. Mickens v. Mickens, 75 Fla. 391, 78 South. Rep. 287; Smith v. O'Brien, 75 Fla. 252, 78 South. Rep. 13; Simpson, Trustee, v. First National Bank, 74 Fla. 539, 77 South. Rep. 204; Farrell v. Forest Inv. Co., 73 Fla. 191, 74 South. Rep. 216, 1 A. L. R. 25; Guerra v. Guiterrez, 66 Fla. 570, 64 South. Rep. 232.

The decree will be affirmed.

Affirmed.

Browne, C. J., and Taylor, Whitfield and Ellis, J. J., concur.