MAX KREHER, *Appellant,* v. I. E. MORLEY, *Appellee.*

Opinion Filed July 7, 1922.

Where testimony is conflicting but there is evidence sufficient to support the finding of the chancellor upon questions of fact, the decree will not be reversed unless it clearly appears to be erroneous.

An Appeal from the Circuit Court for Hillsborough County; F. M. Robles, Judge.

Affirmed.

*Mabry, Reaves & Carlton,* for Appellant;

*Sandford & Hampton,* for Appellee.

WEST, J.—By this suit it is sought to have the court

ascertain and decree that a partnership existed between the complainant and defendant in an enterprise in which it is alleged they were jointly engaged.

The bill of complaint alleges that a partnership relation existed between the parties. It contains a prayer for an accounting respecting the transactions and dealings of the partnership and for a decree requiring defendant to pay to complainant such sum or sums as may be found by such accounting to be due him.

The answer denies the existence of the alleged partnership, admits that the defendant and complainant were both connected with the business, but avers that the relationship of the former was that of owner and of the latter that of employee until the business was incorporated, when the former became a majority stockholder and the latter a minority stockholder and employee of the corporation.

Testimony was taken and upon final hearing a decree for the complainant was entered. From this decree defendant appealed and assigns several errors, all of which are based upon the findings of the chancellor upon final hearing.

The decisive issue is a disputed question of fact. On the one hand complainant asserts the existence of a partnership between the parties. In this he is corroborated by several witnesses and by various circumstances. On the other, defendant disputes the existence of the alleged partnership, asserts sole ownership of the business in himself prior to the time of the incorporation, his exclusive ownership of a large majority of the shares of capital stock subsequent thereto, that complainant never at any time owned any interest in the business or the capital stock of the corporation except one share, and was never more than

an employee of defendant or of the corporation. To insert in this opinion a statement or analysis of the evidence would be of no profit to any one. The court below found in complainant's favor that there was a partnership existing between the parties. There is ample proof to support this finding. The case is well within the frequently reiterated rule that the findings of the chancellor on the facts will not be disturbed by an appellate court unless such findings are clearly shown to be erroneous. Smith v. Dowling, 81 Fla. 867, 89 South. Rep. 315; Travis v. Travis, 81 Fla. 309, 87 South. Rep. 762; Commercial Bank of Ocala v. First National Bank, 80 Fla. 685, 87 South. Rep. 315; Hill v. Beacham, 79 Fla. 430, 85 South. Rep. 147; Smith v. O'Brien, 75 Fla. 252, 78 South. Rep. 13; Simpson v. First National Bank, 74 Fla. 539, 77 South. Rep. 204.

Affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.