J. W. Kirkpatrick, *Appellant*, v. C. C. Hindman, *et al*, *Appellees*.

Division B.

Opinion Filed May 9, 1928.

*Frank O. Spain* and *S. L. Scruggs*, Attorneys for Appellant;

*J. C. Adkins* and *Thomas W. Fielding*, Attorneys for Appellees.

Terrell, J.—The appellant, J. W. Kirkpatrick, filed his bill of complaint in the Circuit Court of Alachua County seeking to have a partnership decreed to exist between himself and appellee, C. C. Hindman, and to decree a dissolution of the said partnership and for an accounting of the affairs of the said partnership as against C. C. Hindman. Appellees answered the bill of complaint admitting that a partnership did at one time exist between appellant and

appellee, C. C. Hindman, for the purpose of doing a general real estate brokerage business, but it is further alleged in the answer that the said partnership was dissolved long before the bill of complaint herein was filed and that it did not in fact exist at the time of nor did it handle the transactions about which the accounting is sought to be enforced.

On these issues and testimony duly taken the cause was submitted to the chancellor for his final determination. The chancellor found the equities to be with the defendants and dismissed the bill of complaint. From that final decree appeal was taken to this Court.

Appellant contends that the final decree below was erroneous because the record indisputably shows that a partnership did exist between appellant and appellee at the time the transactions brought in question took place, that said transactions were conducted by said partnership and that appellant is therefore entitled to an accounting as to such transactions.

The position of appellant with reference to the law governing partnerships, the conduct of their business and the making of accountings is correct and so recognized by this Court, but the questions presented here must turn on the issues made by the answer to the bill of complaint and the evidence supporting them. If the evidence, in other words, shows that no partnership existed between appellant and appellee at the time the bill of complaint was filed, and further shows that no such partnership existed at the time of nor did it handle the transactions about which the accounting is sought to be enforced, then appellant has no standing in a court of equity. The evidence supporting the issues raised was conflicting but the chancellor resolved all the conflicts in favor of the appellee and we are unable to discover that he clearly erred in his finding. We must, therefore, conclude that he arrived at his decision after a

careful and conscientious consideration of the evidence, so the final decree will not be disturbed. Wilson v. Duncan, 92 Fla. 470, 112 So. Rep. 48; Cobb v. Cobb, 82 Fla. 287, 89 So. Rep. 869; Davidson v. Collier, 75 Fla. 783, 78 So. Rep. 983; Simpson v. First National Bank of Pensacola, 74 Fla. 539, 77 So. Rep. 204.

The alleged partnership between appellant and appellee not having been proven, appellant was without remedy in a court of equity. This holding is without prejudice to the pursuit of any remedy which appellant may have against appellee in a court of law.

Affirmed.

WHITFIELD, P. J., AND BUFORD, J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion and judgment.