GEORGE L. RARIDEN v. FRED JASON, *et ux.,* LORETTA RUTH SHORT, *alias* RUTH SHORTES, E. F. PETERSON, and FRED WILSON, *alias* F. J. BRADY, Appellees; RUTH SHORTES and E. F. PETERSON, Cross Appellants.

189 So. 410
Division B
Opinion Filed May 16, 1939
Rehearing Denied June 9, 1939

*Eugene M. Baynes* and *W. J. Lake,* for Appellant;

*Beacham & Gaulden,* for Appellees and Cross Appellants.

CHAPMAN, J.—The transcript in this case shows that W. Hiram Lawrence, Sheriff of Palm Beach County, Florida, on March 31, 1936, filed his bill of interpleader in the Circuit Court of Palm Beach County against Fred Jason and wife Bessie Jason; George L. Rariden; Loretta Ruth Short, alias Ruth Shortes; E. F. Peterson; Fred Wilson, alias F. J. Brady. It was alleged that in making investigations into the violation of the criminal laws in Palm Beach County, he arrested the defendants and took from them five separate lots of jewelry, which was by him deposited into the Registry of the Court, and an order of discharge was prayed for. The jewelry is identified in the Bill of Interpleader as Lots 1, 2, 3, 4, and 5, and process issued against the defendants, and each filed pleadings to the bill of interpleader setting up their respective claims to the jewelry so identified as Lots 1, 2, 3, 4, and 5 in the bill of interpleader. On the 7th day of January, 1937, the lower court made and entered an order discharging W. Hiram Lawrence and requiring the defendants to submit testimony in support of their respective claims to the jewelry, and appointed a Special Master to take all the testimony and report his findings and recommendations as to a decree.

The record shows that considerable testimony was offered by the respective parties before the Special Master, and on the 23rd day of June, 1937, the Special Master re-

ported his findings from the evidence taken and made recommendations as to a final decree to be entered by the lower court. On the 24th day of September, 1937, the lower court in its final decree directed that the jewelry be delivered to the respective parties, viz.: Lot No. 1 to George L. Rariden; Lot No. 2 to Fred Jason; Lot No. 3 to George L. Rariden; Lot No. 4 to Fred Wilson; and Lot No. 5 to Fred Jason. From the final decree an appeal was perfected by George L. Rariden, and he assigns as error the award of the jewelry, viz.: Lot No. 2 to Fred Jason; Lot No. 4 to Fred Wilson, and Lot No. 5 to Fred Jason. Illuminating and instructive briefs have been filed by counsel for the respective parties and argument on the merits thereof have been heard at the bar of this Court.

It is contended by counsel for appellant that the evidence shows that he is the owner of the lots of jewelry numbered 2, 4 and 5 and that each lot of the jewelry was unlawfully taken from his person by the Sheriff of Palm Beach County; that he acquired the ownership of the lots and jewelry numbered 1, 2, 3, 4, and 5 by loaning or advancing money to the other defendants, when the jewelry was delivered by each defendant, respectively, to the appellant and that he had executed and delivered to each defendant an option to repurchase each lot of jewelry at a designated time and for a sum specified; and that these options to repurchase were offered in evidence before the Master.

The other defendants, as shown by the testimony, sharply contradicted the testimony of the appellant and each asserted ownership and right of possession of the different lots of jewelry numbered 2, 4 and 5. The testimony as given by some of the defendants, as disclosed by the record, is vague, evasive and very unsatisfactory. Each appeared hesitant to give any information as to his past

experience, place or places of residence, and many other material points which would assist the Court in reaching conclusions or in correctly determining conflicts in testimony. This Court has experienced the same difficulty in harmonizing all the testimony of the conflicting claims of the parties as expressed by the lower court in its final decree. The Chancellor below uses the following language: "There are many improbabilities in the testimony of the parties. If this case is to be decided upon considerations of disgust or lack of sympathy for any of the defendants, or because of lack of authenticity or genuineness of some of the exhibits, it is very doubtful just what sort of a decree should be entered."

The lower court found the equities of the cause against the appellants as to Lots 2, 4 and 5 of the jewelry. We have carefully examined the record for the evidence to sustain the findings of the Chancellor below as expressed in his final decree. We find ample testimony to support his conclusions. This Court has held by an unbroken line of decisions to the effect that the findings of a Chancellor on questions of fact will not be disturbed by an appellate court unless the findings are clearly shown to be erroneous. See Wofford v. Wofford, 129 Fla. 445, 176 So. 499; Kreher v. Morley, 84 Fla. 121, 92 So. 686; See also: Smith v. Dowling, 81 Fla. 867, 89 So. 315; Travis v. Travis, 81 Fla. 309, 87 So. 762; Commercial Bank of Ocala v. First National Bank, 80 Fla. 685, 87 So. 315; Hill v. Beacham, 79 Fla. 430, 85 So. 147; Smith v. O'Brien, 75 Fla. 252, 78 So. 13; Simpson v. First National Bank, 74 Fla. 539, 77 So. 204.

There appearing to be no errors in the record, the decree appealed from is hereby affirmed.

It is so ordered.

WHITFIELD, P. J., and BROWN, J., concurs.

THOMAS, J., concurs in the opinion and judgment.

Justices TERRELL and BUFORD not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.