J. A. HAWLEY, *et ux.,* v. J. D. KENDALL, *et ux.,* and
CHARLES EDASON, a Widower.

191 So. 10
Division B
Opinion Filed July 28, 1939
Rehearing Denied September 23, 1939

*Paul Wongrey,* for Appellants;

*Errol S. Willes,* for Appellee Charles Edason, and *T. B. Ellis, Jr.,* for Appellees J. D. Kendall and Anita Kendall, his wife.

CHAPMAN, J.—The record in this case shows that prior to October 18, 1935, Charles Edason was the owner of certain real estate situated in the City of Fort Pierce, Florida, and reached terms and an agreement to convey the property to J. D. Kendall for the sum of $1,500.00. While Mr. J. D. Kendall did not have the money to pay for the property, he arranged to obtain it from J. A. Hawley. On the 18th day of October, 1935, Mr. Hawley sent his attorney to the home of Mr. Charles Edason, some few miles out from the City of Fort Pierce, and accompanying him was Mr.

Kendall and another attorney. It appears that Mr. Hawley did not personally know or have an acquaintance with Charles Edason, the owner of the property at the time the deed was executed and delivered.

On the 18th day of October, 1935, at the home of Charles Edason, some few miles from Fort Pierce, Mr. Dewey Crawford, attorney for J. A. Hawley, paid $1,300.00 in cash to Charles Edason and received a deed conveying the real estate involved in this suit to J. A. Hawley and wife, Pearl Hawley. J. D. Kendall simultaneously executed and delivered to Charles Edason his two promissory notes in the sum of $100.00 each, which represented the balance due on the agreed purchase price of $1,500.00 for the land so conveyed. Likewise Mr. Kendall paid the cost for recording the deed so delivered, along with two other conveyances necessary to perfect the title, and a fee to Mr. Dewey Crawford, attorney for Mr. Hawley, for examining and approving the title as shown by the abstract. It appears that Mr. Kendall had been in possession of the property prior and subsequent to the date of the execution and delivery of the deed, *supra*.

On the 1st day of November, 1935, J. A. Hawley and wife, Pearl Hawley, entered into a vendors' and vendees' agreement with J. D. Kendall and wife, Anita Kendall, embracing the property described in the deed from Edason to Hawley. This agreement required Kendall to pay the sum of $2,100.00 for the property at the rate of $35.00 per month, and, after paying some sixteen payments according to the terms and conditions thereof, he defaulted and the suit at bar was brought to foreclose the vendors' and vendees' agreement above referred to. Kendall and wife filed an answer to the suit to foreclose, setting up that they had obtained a loan from Hawley in the sum of $1,300.00, and

no more, and the title to said land was held in trust for the defendants and that the plaintiff had wilfully and intentionally charged the defendants an unlawful rate of interest. The evidence disclosed and the lower court so found, that plaintiffs below charged the defendants $20\frac{3}{4}\%$ interest on the original loan of $1,300.00, and in the final decree visited certain penalties as authorized by law against the original loan of $1,300.00; and, after allowing all deductions allowed by law for usury, decreed that the defendants should pay the complainants the sum of $408.67 and $200.00 to Charles Edason, being the amount due on the notes on the purchase price of the property. From this decree an appeal has been perfected to this Court.

It is contended by counsel for appellants that the suit at bar is ruled by the case of Davidson v. Davis, 59 Fla. 476, 52 So. 139, 28 L. R. A. (N. S.) 102, 20 Ann. Cas. 1130. In that case the evidence clearly shows that mortgagee was the owner of certain land situated in Santa Rosa County, which he was willing to sell for $1,500.00 cash, but the vendee was not financially able to pay $1,500.00 cash, and by agreement between the vendor and vendee a mortgage representing the purchase price was given and accepted for the sum of $1,687.50 in lieu of the cash price of $1,500.00. The additional sum of $168.50 is equivalent to interest on the cash price at the rate of $12\frac{1}{2}\%$ per annum. In the foreclosure proceedings it was contended that this was an usurious transaction, but this Court properly held that usury can only attach to a loan of money or the forbearance of a debt and could not be extended to include the difference between the cash and the credit price on a sale of property, because the difference or usurious amount was not based upon a loan or the forbearance of a debt.

In the case at bar the appellants did not own the property,

but the deed was taken from Charles Edason to them to secure the payment of the $1,300.00 going into the property at the request of Kendall. Kendall negotiated the trade with Edason and the extreme limit that Hawley would go in placing money on the property was $1,300.00, and Kendall gave Edason his notes for $200.00 to close the trade. Edason never made Hawley's acquaintance until evidence was being taken in this case. The facts here are controlled by Sections 6937 and 6939 C. G. L., and Sherman v. Myers, 108 Fla. 129, 146 So. 213; Chandler v. Kendrick, 108 Fla. 450, 146 So. 551; Robins v. Blanc, 105 Fla. 625, 142 So. 223.

We have carefully considered the evidence as disclosed by the record and the conclusion is inescapable that Kendall worked up the trade for the land with Edason and arranged with Hawley .for a loan in the sum of $1,300.00. He was willing for Hawley to be secured by taking title to the property in his name and to hold it until Kendall could repay the money. The record is clear that Hawley advanced only $1,300.00, and that all other items incidental to the trade were paid by Kendall. There is ample evidence to sustain the findings of the chancellor below.

This suit is well within the frequently reiterated rule that the findings of the chancellor on the facts will not be disturbed by an appellate court unless such findings are clearly shown to be erroneous. See Kreher v. Morley, 84 Fla. 121, 92 So. 686. See also: Smith v. Dowling, 81 Fla. 867, 89 So. 315; Travis v. Travis, 81 Fla. 308, 87 So. 762; Commercial Bank of Ocala v. First National Bank, 80 Fla. 685, 87 So. 315; Hill v. Beacham, 79 Fla. 430, 85 So. 147; Smith v. O'Brien, 75 Fla. 252, 78 So. 13; Simpson v. First National Bank, 74 Fla. 539, 77 So. 204.

The decree appealed from is hereby affirmed.

854

WHITFIELD, P. J., and BROWN, J., concur.

BUFORD, J., concurs in opinion and judgment.

Justices TERRELL and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.