M. A. SMITH, as General Liquidator of Merchants Bank & Trust Company, a Florida Banking Corporation, J. M. LEE, as State Comptroller, and W. V. KNOTT, as State Treasurer, v. MARIE deC. STILLMAN, a Widow, and WILLIAM RONALD.

193 So. 63
Opinion Filed January 9, 1940

*Maguire, Voorhis & Wells, H. M. Voorhis, Green & West* and *Roger H. West,* for Appellants;

*Horn & Ossinsky* and *Scarlett & Futch,* for Appellees.

PER CURIAM.—The record in this case discloses that Marie deC. Stillman, on June 19, 1929, deposited with the Merchants Bank & Trust Company of Daytona Beach the sum of $37,747.60. On or before June 24, 1929, she drew a check on her deposit with the Merchants Bank & Trust Company in the sum of $17,750.00, payable to her brother, William Ronald, to be used by him in paying a note she was then due a Mr. Justice which matured and was expected to be presented for payment on July 8, 1929, at which time she expected to be absent from Florida.

Mr. Ronald on June 24, 1929, deposited said check to his account with the Merchants Bank & Trust Company, and on July 6, 1929, he deposited to his said account the additional sum of $4,000.00. Mrs. Stillman and her brother William Ronald discussed the payment of the note with the

officers of the bank, and it was suggested that payment thereof be deferred with the expectation that a discount could be obtained from Mr. Justice, the holder of the note. It was understood that money left by Ronald at the bank should be used in paying the note. The note was to be presented for payment through the Merchants Bank & Trust Company and inquiry was made to learn if the note had been sent to the bank. The bank closed its doors for business on the night of July 10, 1929, and never again opened for the transaction of business. The money for the payment of the note appeared in the name of William Ronald when the bank closed.

On May 30, 1929, the Merchants Bank & Trust Company obtained a loan through the Florida National Bank of Jacksonville and other banks for the sum of $500,000.00 and secured the payment thereof by a mortgage on the bank building and fixtures and by pledging certain notes, bonds, and other securities of the bank as were acceptable and satisfactory to the mortgagees. The above loan was concluded around the first of June, 1929, with the specific understanding that the board of directors of the bank would immediately pay the additional sum of $250,000.00 cash into the bank. The board of directors complied with the request and agreement and placed the amount in the bank and as security therefor took or accepted a second lien on the assets of the Merchants Bank & Trust Company as pledged to the Florida National Bank of Jacksonville as trustee.

The Comptroller appointed a liquidator for the Merchants Bank & Trust Company when proof of claims were presented to him. The plaintiffs claim a preference based on the grounds of a special deposit and that the bank was hopelessly and irretrievably insolvent to the knowledge of

the officers when such deposits were accepted, viz.: the sum of $17,762.00 deposited June 24, 1929, and the $4,000.00 deposited July 6, 1929. The claim was in approved legal form.

On the 3rd day of July, 1933, plaintiffs filed in the Circuit Court of Volusia County, Florida, their amended bill of complaint praying that their deposits, above referred to, be decreed a preferred claim against the Merchants Bank & Trust Company, because said deposits were received and accepted by the Merchants Bank & Trust Company when the bank was hopelessly and irretrievably insolvent and this condition at the time was well known to its officers.

The defendants filed a joint and several motion to dismiss the amended bill of complaint on 17 different grounds, when the same was by the lower court overruled and denied, and the defendants filed a joint and several answer to the amended bill. A special master was appointed, testimony taken, and on final hearing, the relief sought by the prayer of the amended bill was allowed, and from that final decree an appeal has been perfected to this Court.

The first assignment presented for consideration in this Court is that the lower court erred in entering its order overruling and denying the joint and several motion of the defendants to dismiss the amended bill of complaint. We find no merit in this assignment.

It is contended that the mere shifting of credits does not augment assets of a closed bank unless the relation of the trustee and beneficiary was created by agreement or impliedly by law prior to the closing of the bank. Counsel for appellants cite the cases of Bryan v. Coconut Grove Bank '& Trust Co., 101 Fla. 947, 132 So. 481; St. Augustine Paint Co. v. McNair, 59 Fed. (2d) 755; Blakey v. Brinson, 286 U. S. 254, 52 Sup. Ct. 516,

76 L. Ed. 1089, and other authorities. From our study of the testimony and the final decree entered in the lower court, it does appear that the lower court was justified in finding as a matter of fact that the relationship of trustee and beneficiary arose in the case at bar out of the hopeless and irretrievable insolvency of the bank, which was known to its officers when the deposits in question were made at the bank.

It is next contended that the testimony adduced fails to support the final decree as entered in the lower court. In other words, the question to be decided on this record is whether or not the Merchants Bank & Trust Company was hopelessly and irretrievably insolvent on June 24, and on July 6, 1929, and that this insolvency was known to the officers of the bank when these deposits were made on said dates.

The lower court made findings of fact expressed by the terms of the final decree, viz.:   (a) that prior to May 30, 1929, the Merchants Bank & Trust Company was hopelessly and irretrievably insolvent and this fact was known to the officers and directors thereof (b) the bank examiners' report of the bank dated in September, 1928, as presented to the Comptroller, showed that the "Surplus and undivided profits of the bank were wiped out" and "excessive losses existed;" (c) the bank declined to write off losses until after the report to the Comptroller was made, and published a statement in June, 1929, that the bank carried a surplus of $250,000.00; (d) the bank obtained a loan of $500,000.00 and the directors placed $250,000.00 additional money in the bank in June, 1929; (e) the officers of the bank had no deposits and carried none in a substantial amount with the bank; (f) some of the officers obtained a loan from the bank to a private corporation

owned by them in the sum of $44,394.80 and did not secure the payment thereof, neither did the officers endorse the note evidencing the indebtedness.

We think the case at bar is ruled by Garrett v. Tunnicliffe, 107 Fla. 393, 145 So. 213.

The lower court, from the evidence adduced, found that the Merchants Bank & Trust Company was hopelessly and irretrievably insolvent at the time the deposits were made and the officers knew and had a knowledge thereof. We find sufficient testimony in the record to sustain the finding of the chancellor below. This Court has held by an unbroken line of decisions that the findings of the chancellor on the facts will not be disturbed on appeal unless they are clearly erroneous. See Farrington v. Harrison, 95 Fla. 769, 116 So. 947; Atlantic Bank, etc., v. Sengstak, 95 Fla. 660, 116 So. 267; Mock v. Thompson, 58 Fla. 477, 50 So. 673; Lucas v. Wade, 43 Fla. 419, 31 So. 231; Kenty v. Knowles, 101 Fla. 1375, 133 So. 315, 317.

We have carefully examined the entire record, studied the briefs and examined the authorities cited by counsel for the respective parties and fail to find error in the record.

. The decree appealed from is hereby affirmed.

WHITFIELD, P. J., and CHAPMAN, J., concur.

BROWN, BUFORD and THOMAS, J. J., concur in conclusion.