JULIUS A. PETERSON, *et al.*, Appellants, v. IDA PETERSON HANCOCK and J. A. HANCOCK, Appellees.

1 So. (2nd) 255
Division A
Opinion Filed March 25, 1941

*Carver & Langston,* and *C. V. McClurg,* for Appellants; *Thos. W. Bryant* and *H. E. Oxford,* for Appellees.

BUFORD, J.—Appeal brings for review final decree in favor of plaintiff in a suit wherein the issues were clearly stated by the chancellor in the final decree to be as follows:

"The plaintiffs seek by their bill of complaint, an accounting from the defendant, Julius A. Peterson, of certain bonds and the income or increment thereof, alleged to be in his possession, and alleged to be the property of the plaintiff, Ida Peterson Hancock, and seek a receivership of certain real estate described in the bill of complaint, alleged to be the property of Ida Peterson Hancock, and standing of record in her name, to-wit, Lots 63 and 64 of W. F. Hallam & Company's Club Colony Tract of Lakeland Highlands, in Section 8, Township 29 South, Range 24 East, Polk County, Florida.

"The defendant, Julius A. Peterson, denies ownership by Ida Peterson Hancock of the bonds referred to in the original bill, or any other bonds in his possession and seeks, by way of affirmative relief on his own behalf, the re-establishment of certain deeds alleged to have been lost or destroyed, under which the said real estate, as he contends, is vested in him, by virtue of the fact, as he alleges, that the said lost or destroyed deeds were conveyances by Ida Peterson Hancock and H. T. Hancock, her husband, to Julius A. Peterson, this defendant, and Harriet Cramer Peterson, his wife, and Harriet Cramer Peterson being now dead, he, as the survivor, takes fee simple ownership thereof.

"The plaintiffs in turn deny that there ever were any such deeds of conveyance from them to Julius A. Peterson and Harriet Cramer Peterson of said Lots 63 and 64.

On the issues thus joined, it is apparent that the plaintiffs have the affirmative and the burden of proof as to that section of this case which has to deal with the bonds, and that the defendant, Julius A. Peterson, has the affirmative and the burden of proof of that portion of the case which has to deal with the ownership of the real estate, and the re-establishment of the alleged lost instruments."

The record in this case is voluminous, containing more than five hundred pages of testimony, a great amount of which is not material to the issues to be determined by the Court.

Appellant has posed eight questions for our consideration but, after a careful consideration of the record and briefs filed by the respective parties, we find that the disposition of the cause depends upon our answer to the first and second questions so posed, viz.:

"1. Did the judge of the circuit court who tried the instant case misapprehend the legal effect of the evidence as an entirety?"

"2. Are the findings of the trial court in conformity with and according to the law of the case and justice of the case as required by the Florida statutes and general principles of law?"

Where such questions present the controlling factors which will dictate the course of the appellate court, the burden is on the appellant to make it clearly to appear that the chancellor misapprehended the legal effect of the evidence as an entirety, or that the findings of the chancellor are not in conformity with the law and justice of the case.

In the instant case the appellant has failed to meet that burden.

The final decree covering fifteen pages of typewritten legal-cap paper, shows that the chancellor carefully considered and adjudicated every pertinent question properly presented by the record and weighed the testimony presentd in the light of properly applied principles of law.

The evidence was conflicting and it was the duty of the chancellor to determine the credibility of witnesses and the probative force of the evidence. In such cases, the decree will not be disturbed by the appellate court, unless appellant makes it clearly to appear that substantial error was committed by the chancellor in his conclusions, or that the evidence clearly shows them to be erroneous. See Fulton v. Clewiston, 100 Fla. 257, 129 So. 773; Boyd v. Gosser, 78 Fla. 64, 82 Sou. 758; 6 A. L. R. 500; Phinney v. Phinney, 77 Fla. 850, 82 Sou. 357; Hogeboom v. Anderson, 70 Fla. 393, 70 Sou. 312; Sandlin v. Hunter Co., 70 Fla. 514, 70 Sou. 553; Edney v. Stinson, 90 Fla. 335, 105 Sou. 821; Schaefer v. Voyle, 88 Fla. 170, 102 Sou. 7; Roland v. Mathews, 98 Fla. 695, 124 Sou. 34; Wilson v. Duncan, 92 Fla. 470, 112 Sou. 48; Cobb v. Cobb, 82 Fla. 287, 89 Sou. 869; Davidson v. Collier, 75 Fla. 783, 78 Sou. 983; Simpson v. First Nat. Bank, 74 Fla. 539, 77 Sou. 204; Kirkpatrick

v. Hindman, 95 Fla. 880, 882, 116 Sou. 862; Hawley v.
Kendall, 139 Fla. 850, 191 Sou. 10; Markell v. Hilpert, 140
Fla. 842, 192 Sou. 392; Knabb v. Mabry, 137 Fla. 530,
188 Sou. 586; Rariden v. Jason, 138 Fla. 145, 189 Sou.
410; Tippins v. Belle Mead Develop. Corp., 136 Fla. 373,
188 Sou. 787; Reaves v. Sadler, 136 Fla. 553, 189 Sou. 41;
Grantham v. Grantham, 140 Fla. 120, 191 Sou. 197; Smith
v. Stillman, 141 Fla. 312, 193 Sou. 63; Miami Beach v.
Texas Co., 141 Fla. 616, 194 Sou. 368; Walker v. Cone,
142 Fla. 253, 194 Sou. 631; Mehaffey v. Mehaffey, 143
Fla. 157, 196 Sou. 416; Miller v. Bay-to-Gulf, 141 Fla. 452,
193 Sou. 425.

On the entire record we find no reversible error. So the
decree must be affirmed.

So ordered.

Affirmed.

BROWN, C. J., WHITFIELD and ADAMS, J. J., concur.