214 So.2d 385 (1968)
Irwin S. GARS, Attorney at Law, Appellant,
v.
L.G. WOODARD, Esq., and Stewart Cureton, Esq., Appellees.
No. 67-1042.
District Court of Appeal of Florida. Third District.
October 1, 1968.
Law Offices of Irwin S. Gars and Robert Dixon, Miami, for appellant.
*386 Hendricks & Hendricks, Miami, for appellees.
Before CHARLES CARROLL, C.J., and PEARSON and HENDRY, JJ.
PER CURIAM.
Appellant, plaintiff below, appeals from an adverse final judgment entered in a suit for declaratory decree. That suit requested that the Circuit Court of Dade County declare the rights of the plaintiff under an alleged employment agreement entered into by and between the plaintiff and the defendants.
In Count I of the complaint, it was alleged that defendants are the attorneys for the estates of Lillian A. Davol and Merrill Waide; that the defendants employed the plaintiff to assist and cooperate in legal matters involved in both estates and agreed to pay the plaintiffs twenty-five per cent (25%) of all legal fees awarded to the defendants in connection with the legal proceedings in both estates, and that the plaintiff is entitled to Four Thousand, Six Hundred and Twenty-five ($4,625.00) Dollars, which sum is twenty-five per cent (25%) of the fees paid defendants. In the second count, the plaintiff sought recovery on the theory of quantum meruit.
The defenses raised by the defendants in the court below were first, that the plaintiff rendered no services so as to entitle him to the monies claimed due; secondly, that the letter upon which the appellant relied as the parties' agreement related only to a partition suit and not to any other proceeding affecting the estates in question; and finally, that the agreement was null and void for the reason that the plaintiff was representing other persons who were adversaries to the interest of the estates.
Upon final hearing, the trial court entered its final judgment, declaring that the letter which the plaintiff purported to be the parties' agreement was so indefinite, ambiguous, and vague as to be unenforceable; also, that the letter and another instrument were null and void as being contrary to public policy for the reason that the plaintiff was thereby placed in a position where he could be required to choose between conflicting interests; and further, in view of the testimony in evidence, that the plaintiff performed no extraordinary services other than those which he was required to perform in order to properly represent his clients' interests, thus disposing of the quantum meruit count.
The body of appellate law in this state is rife with cases which hold that a chancellor's findings of fact and conclusions of law come to the appellate court with the presumption of correctness, and will not be disturbed unless they are clearly erroneous. This foundation supports a second premise in this regard: that it is incumbent upon the appellant to clearly demonstrate reversible error before he can be granted appellate relief. Peterson et al. v. Hancock et al., 146 Fla. 410, 1 So.2d 255; Prudential Insurance Co. of America v. Latham, Fla.App. 1968, 207 So.2d 733; Wilson v. Rooney, Fla.App. 1958, 101 So.2d 892.
These holdings have been brought to bear on written instruments as well as testimonial evidence, for as the Supreme Court said in Helie v. Wickersham et al., 103 Fla. 254, 137 So. 226.
"* * * the construction placed upon the contract by the circuit judge must stand in the absence of a clear conviction on the part of the appellate court that such construction is erroneous. The presumption is in favor of the correctness of the ruling of the circuit judge, and we cannot say in this case that it has been so clearly demonstrated by the plaintiff in error that the circuit judge erred in his construction of the contract that we would feel warranted in reversing the judgment appealed from." Id. at 228.
This court has carefully considered the record on appeal, all the issues raised, and the briefs and oral arguments of counsel for the parties. From such consideration we have concluded that no reversible error has been demonstrated. Accordingly the judgment appealed is affirmed.
Affirmed.