OWEN, Judge.
On February 8, 1965, the Circuit Court of Palm Beach County entered a final decree of divorce between the parties granting the wife custody of the two minor children and providing that the provisions of the decree relating to the payment and fixing of support money and custody of the minor children would be subject to further orders of the Juvenile and Domestic Relations Court of Palm Beach County. On July 20, 1966, the latter court, acting on the husband’s petition for change of custody, entered its order granting such change of custody and denying the wife an allowance of attorney’s fees. The wife appeals.
Appellant’s first point is that the court did not have jurisdiction to enter the order changing custody of the minor chil *71 dren because the court’s jurisdiction was governed by Chapter 61-670, Laws of Florida, 1961, which permitted a change of custody to be presented on a father’s return to a rule to show cause, but which made no provision for such issue to be raised by an original petition. Although the case was transferred from the circuit court at the time that Chapter 61-670, Laws of Florida, 1961, was in full force and effect, Chapter 65-707, Laws of Florida, 1965, was in effect when the husband filed his petition for change of custody. This latter statute permitted the court to consider the question of a change of custody when raised either upon an original written petition or by return to a rule to show cause. The court had jurisdiction at all times to consider the question of a change of custody and the 1965 act merely added an additional vehicle for invoking this jurisdiction, rather than enlarging the court’s jurisdiction. In any event, we hold that when the husband’s petition for change of custody was filed June 15, 1966, the court had jurisdiction to consider and act upon such petition.
Appellant’s next point' questions the legal sufficiency of the facts and circumstances as revealed by the pleadings, agreements of the parties and the court’s findings as contained in its order, to justify a permanent change of custody. The testimony before the court on the petition for change of custody and on the wife’s petition for allowance of attorney’s fees was not transcribed and made a part of the record on appeal because of the inability to locate the reporter who attended the proceedings. Although this is not the appellant’s fault, the rule is well settled that a judgment comes to the appellate court with a presumption of correctness and where it is based partially or wholly on evidence which does not appear in the record on appeal, the judgment will not be disturbed. Dean v. Marineways, Inc. of Fort Lauder-dale, Fla.App.1962, 146 So.2d 577; Bost-wick v. Bostwick, Fla.App.1967, 201 So.2d 779. We do not overlook appellant’s argument that on the issue of change of custody, a transcript of the evidence which was before the trial court is unnecessary because the pleadings, written agreements of the parties and the findings of the court as set forth in the order affirmatively show that as late as March 8, 1966, the husband agreed [by implication at least] that the wife was a fit person to have custody of the children, and that in the interval between that date and June 15, 1966, the date of the filing of the petition for modification, the children being then temporarily in the custody of the husband, any misconduct of which the wife may have been guilty would of necessity be outside of the presence of the children and hence not a sufficient basis to deprive her of their custody. We simply cannot agree that the husband’s petition for modification and the written stipulation by which the husband had temporary custody and agreed to return permanent custody to the wife at a later date, would so conclusively establish the wife’s fitness as to render evidence to the contrary legally insufficient to sustain the court’s finding that appellant was unfit.
Appellant questions the denial of her application for attorney’s fees. The court had jurisdiction to award attorney’s fees under the provisions of F.S.1965, Section 65.16, F.S.A. In re E. P., Fla.App. 1966, 186 So.2d 801; Salomon v. Salomon, Fla.App.1966, 186 So.2d 39. The court expressly found that the wife had made no showing of her necessity nor of the husband’s ability. The award of attorney’s fees is within the sound discretion of the court and in the absence of a showing that such discretion has been abused, the same will not be disturbed on appeal.
Affirmed.
CROSS and REED, JJ., concur.