402 So.2d 438 (1981)
Joseph GRADY, Appellant,
v.
DEPARTMENT OF PROFESSIONAL REGULATION, BOARD OF COSMETOLOGY, of the State of Florida, Appellee.
No. 80-1852.
District Court of Appeal of Florida, Third District.
July 7, 1981.
Rehearing Denied September 8, 1981.
*439 Harlan Street and Sanford Freedman, North Miami, for appellant.
Jim Smith, Atty. Gen. and Susan Tully, Asst. Atty. Gen., for appellee.
Before HUBBART, C.J., and HENDRY and BASKIN, JJ.
HENDRY, Judge.
We are asked on this appeal to review the Florida Board of Cosmetology's decision that the practice of esthetics requires a cosmetologist's license under chapter 477, Florida Statutes (1979).
Appellant, an esthetician licensed in another state, requested the Florida Board of Cosmetology to issue a Section 120.565 declaratory statement determining whether the providing of skin care services known as "esthetics" is exempt from those activities defined and regulated by the Board under chapter 477. By final order, the Board concluded that the practice of esthetics falls within the statutory definition of cosmetology when performed on the head, face, or scalp.
Section 477.013(6) defines cosmetology to mean:
the mechanical or chemical treatment of the head, face, and scalp for aesthetic rather than medical purposes, including but not limited to, hair shampooing, hair cutting, hair arranging, hair coloring, permanent waving, hair relaxing, or hair removing, for compensation.
The statute plainly provides that cosmetology includes the mechanical or chemical treatment of the head, face, and scalp. Conversely, the statute also limits the definition of cosmetology to the specified forms of treatment to the enumerated anatomical regions. In the present case, neither the parties' statements of the facts nor the record give any indication to this court whether or not appellant's "esthetic" activities are described by the definition quoted above. The burden is, and must always remain, on an appellant to demonstrate why a lower Board or tribunal was in error in applying the law to the facts. Bolick v. Sperry, 82 So.2d 374 (Fla. 1955); Ruotal Corp., N.W., Inc. v. Ottati, 391 So.2d 308 (Fla. 4th DCA 1980); Forster v. Fishermen's Hospital, Inc., 363 So.2d 840 (Fla.3d DCA 1978), cert. denied, 376 So.2d 71 (Fla. 1979); Strate v. Strate, 328 So.2d 29 (Fla.3d DCA), cert. denied, 336 So.2d 1184 (Fla. 1976); Gars v. Woodard, 214 So.2d 385 (Fla.3d DCA 1968). Dean v. Marineways, Inc. of Ft. Lauderdale, 146 So.2d 577 (Fla.2d DCA 1962).
[T]he rule is well settled that a judgment comes to the appellate court with a presumption *440 of correctness and where it is based partially or wholly on evidence which does not appear in the record on appeal, the judgment will not be disturbed.
Carroll v. Allen, 219 So.2d 69, 71 (Fla. 4th DCA 1969). Cruz v. Beckham, 267 So.2d 853 (Fla.3d DCA 1972). Specifically, appellant has failed to provide any facts to this court suggesting that his "esthetic" services do or do not involve mechanical or chemical treatment of the head, face or scalp of his client. The construction of a statute by an agency or body charged with its administration is entitled to great weight and will not be overturned unless clearly erroneous. Ft. Pierce Utilities v. Florida Public Service Commission, 388 So.2d 1031 (Fla. 1980); State ex rel. Biscayne Kennel Club v. Board of Business Regulation, 276 So.2d 823 (Fla. 1973); Baeza v. Pan American/National Airlines, Inc., 392 So.2d 920 (Fla.3d DCA 1980). We therefore have no alternative but to accept the Board's decision that the definition of cosmetology actually includes appellant's activities as an esthetician. See Morgan v. Kearney, 395 So.2d 570 (Fla. 4th DCA 1981).
Appellant has also raised certain constitutional challenges to the Board's licensing and testing procedures under chapter 477, asserting insufficient testing standards and an improper delegation of power to the Board. This court is unable to resolve such claims in the absence of an actual controversy between the parties arising from such licensing and testing procedures. In the present case, the Board has neither tested appellant nor denied him a license, and therefore, appellant's constitutional claims are not ripe for review.
Accordingly, we affirm the decision by the Board applying the definition of cosmetology to appellant's "esthetic" activities, on the ground that appellant has failed to provide us with any basis for a contrary ruling. Appellant's constitutional challenges to the Board's testing and licensing procedures are premature and not subject to review at this time.
Affirmed.