JAMES H. McGILL, *Appellant*, v. BOULEVARD AND BAY LAND AND DEVELOPMENT COMPANY, et al., *Appellees*.

En Banc.

Opinion filed October 18, 1930.

*Carey & Askew,* for Appellant;

*H. W. Holland,* for Appellees Blanche H. and Leslie W. Weedon.

MATHEWS, Commissioner.—Complainant, James H. McGill, filed his bill of complaint in the court below to foreclose a mortgage made by defendant Boulevard and Bay Land and Development Company to B. F. McKeage, 3rd. The bill alleges the making of the note and mortgage; assignment thereof by McKeage, 3rd, to J. Kennedy Block; assignment by J. Kennedy Block to complainant; breach for non-payment; ownership of the note and mortgage in complainant; priority of the mortgage lien over the rights of all defendants, and prays for foreclosure.

Four answers were filed. B. F. McKeage, 3rd, answered, setting up that he paid no consideration for the mortgage note, that he endorsed the note without recourse and executed the assignment in blank and thereupon redelivered the note and mortgage to the mortgagor.

Hubert E. Jones answered, admitting the material allegations of the bill and prayed that in the event of sale and surplus over the amount found to be due the complainant, he be permitted to prove the amount due him under a certain judgment.

George Louison and four others by their answer demanded strict proof of the amount due the complainant.

Blanche H. Weedon and Leslie W. Weedon answered denying that Boulevard and Bay Land and Development Company was indebted to McKeage, 3rd, at the time of executing the note and mortgage, and setting up that said execution was made for the purpose of defrauding creditors of the Boulevard and Bay Land and Development Company and that complainant took same with knowledge of said fraud; * * * that said mortgage and note if executed, were executed and manipulated by the president of the Boulevard and Bay Land and Development Company at the time of their execution for the purpose of defrauding creditors and stockholders of said corporation and that the complainant was associated in business with the defendant Block and had full knowledge of said fraudulent scheme; * * * that complainant herein only paid the defendant Block $10,000.00 for the assignment of the mortgage and note herein sought to be foreclosed.

The answer of Blanche H. Weedon and Leslie W. Weedon sets up that they hold a certain deficiency judgment against the mortgagor.

The mortgage sought to be foreclosed and also the assignment thereof to J. Kennedy Block appear to have been recorded prior to the rendering of the deficiency judgment in favor of defendants Weedon.

The Court below, upon final hearing, entered a decree dismissing the bill. From this decree complainant appealed.

The evidence clearly shows complainant James H. McGill paid a valuable consideration for the note and mortgage sought to be foreclosed and the evidence failed to show notice to the complainant of the alleged fraud.

Where fraud is asserted as a defense or ground for relief against a mortgage, the burden of proving it is upon the party asserting the same and the proof thereof must be clear and convincing. Wiltsie on Mortgage Foreclosure, (4th Ed.) Sec. 113; Tischler v. Robinson, 79 Fla. 638, 84 So. R. 914; Dova v. Hancock, 88 Fla. 503, 102 So. R. 646; Armstrong & Donahue, Florida Chancery Jurisprudence, 472.

The evidence is amply sufficient to support a decree of foreclosure favorable to the complainant, decreeing a lien to exist upon the mortgaged land for the principal of the mortgage note with interest from date thereof and decreeing that complainant's lien therefor is prior in dignity and superior to the rights of the defendants each and every herein.

The decree appealed from is reversed with directions that a decree not inconsistent with this opinion be entered.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered and decreed by the Court that the decree of the Court below should be, and the same is hereby, reversed, with directions that a decree not inconsistent with the opinion of this Court be entered.

TERRELL, C. J., and WHITFIELD, ELLIS, STRUM, BROWN and BUFORD, J. J., concur.