PEARSON, Judge.
The appellants were plaintiffs in a bill of complaint brought to foreclose a mortgage, which they had received by assignment after the same was in default. The answer claimed fraud in the procurement of the mortgage. The Chancellor upon trial found that there was clear and convincing proof that the note and mortgage were originally procured by fraud, and that the plaintiffs-assignees of said note and mortgage had notice of these infirmities when purchasing them. He therefore, dismissed the cause with prejudice. There being sufficient evidence, before the Chancellor, upon which to base the finding, the decree is affirmed. The findings of the Chancellor were as follows:
“The uncontradicted testimony shows that the defendant, Guy Morgan, was an uneducated and illiterate colored man, and his wife, Alice Boyce Morgan, was an uneducated colored woman who lacked full possession of her faculties. The evidence shows that the Mortgage to Florida Stone and Marble Industries — Ribbonstone Sales, Inc., was executed under circumstances clearly showing fraud and therefore that *489 the mortgage between the parties was void and subject to the defense of fraud in the procurement thereof.
“The testimony shows that a representative of Florida Stone and Marble Industries — Ribbonstone Sales, Inc., requested permission of the Morgans to 'make certain improvements on defendants’ home property, representing to defendants that said work was done for advertising purposes and without any obligation on their part, and that the company would, instead, pay the defendants in order to get the benefit of advertising their home as a ‘Model Home’ on television. The defendants, thereafter, were induced to execute the mortgage and note, which were represented to defendants to be a contract allowing the Florida Stone and Marble Industries— Ribbonstone Sales, Inc., to make improvements for advertising purposes only, and to pay defendants for this privilege.
“The testimony shows that the plaintiffs in this cause, who are the assignees of the fraudulent mortgage, took the same at a time when the mortgage and note were approximately four months in default. The note was tainted with a usurious discount of approximately twenty percent, and the record shows on its face that this note and mortgage were overdue at the time the plaintiffs purchased them.”
Appellants admitted that they took the note and mortgage while in default and that they hold the same subject to all defenses available against the original mortgagee.
Error is urged only upon the ground that the Chancellor overlooked the proposition that, “the uncorroborated testimony of mortgagors as to fraud in the procurement of the mortgage is not legally sufficient to overcome or impeach the notary public’s certificate of their acknowledgment.” In support of this statement the ap-pellants have cited the following cases as the law governing this case. Hart v. Sanderson’s Administrators, 18 Fla. 103; Shear v. Robinson, 18 Fla. 379; Herald v. Hardin, 95 Fla. 889, 116 So. 863; McEwen v. Schenck, 108 Fla. 119, 146 So. 839; Smith v. McEwen, 119 Fla. 588, 161 So. 68. Each of these cases concerned an attempt to impeach the legal sufficiency of an acknowledgment to a mortgage and thus of the mortgage itself. In the instant case the acknowledgment is not in question. The parties admit the signing and acknowledgment of the mortgage and they claim fraud in the procurement of their signatures upon the mortgage. Thus the cases cited do not support the proposition urged, nor do we find it to be a correct statement of the law.
It is true that proof of fraud must be by clear and convincing evidence. McGill v. Boulevard & Bay Land & Development Co., 100 Fla. 906, 130 So. 460; Buscher v. Mangan, Fla.1952, 59 So.2d 745; Biscayne Boulevard Properties, Inc. v. Graham, Fla. 1953, 65 So.2d 858. The Chancellor found that the testimony before him, together with the circumstances surrounding the procurement of the mortgage were clear and convincing proof of fraud. A review of the record reveals that the Chancellor had sufficient evidence before him to support his finding. The appellants declined to offer evidence to repute the charge of fraud in the procurement of the mortgage, choosing to rely upon the position that the appellees could not prove such fraud. If the position of appellants was correct, it would mean that when the facts constituting fraud in the procurement of a mortgage were known only to the perpetrators and the victims, no relief could be granted because the mortgage was acknowledged.
Affirmed.
CARROLL, CHAS., C. J., and HORTON, J., concur.