PER CURIAM.
Appellant-husband, defendant in the trial court, appeals a final decree of divorce and brings to this court only one point:
“Where a man’s wife consciously lies to him and fraudulently induces him to sign over real property to her on the promise that she will reform and become reconciled, is the husband to be stripped of all of his assets, including his business house, because the wife had fooled him earlier?”
Assignments of error going to any other matter in the record have therefore been waived since such assignments of error as are not argued in the briefs will be deemed abandoned. Rule 3.7, subd. i, Florida Appellate Rules, 31 F.S.A. See Chaachou v. Chaachou, Fla. 1961, 135 So.2d 206; Grand Union Super Markets, Inc. v. DeAquinos, Fla.App.1961, 135 So.2d 754.
The record reveals that the appellant and the appellee are persons of mature age and have frequently found the marital road a rough one. In fact they have separated on no less than twelve occasions. After one reconciliation prior to this divorce, the husband transferred all of the property then held in his name into an estate by the entirety with his wife. This was done in order to induce his wife to return and give the marriage another try.
After the final separation, the husband filed a counterclaim to the wife’s complaint for divorce, praying for a divorce and for the court to set aside the transfer of the property made to effect the reconciliation. The relief concerning the real property was prayed on the basis of an allegation that the wife had procured the transfer by her fraudulent promise to be a good wife. Proof of fraud must be clear and convincing. Biscayne Boulevard Properties, Inc. v. Graham, Fla.1953, 65 So.2d 858. Meyerson v. Boyce, Fla.App.1957, 97 So.2d 488. Here the chancellor found that fraud was not proved.
The husband’s contention that the wife did not intend to make a bona fide *624 reconciliation and thus fraudulently induced him to transfer his property is supported only by the fact that the parties did not succeed in permanently re-establishing their marriage. Under such circumstances we hold that the finding of the chancellor that fraud was not proved is supported by the evidence. Cf. Copeland v. Copeland, Fla.1953, 65 So.2d 853.
Affirmed.