PER CURIAM.
The former wife, Jeanne D. Farrar, appeals a final judgment of dissolution of marriage and assigns as error the financial provisions of the judgment. The husband has appealed and assigns as error the allowance of an attorney’s fee to the wife. This marriage of short duration was between parties of mature age, the husband being past seventy and the wife past sixty years of age. The main thrust of the wife’s appeal is that the trial court erred in failing to find fraud on the part of the husband for not placing the title to the marital home in the joint names of the husband and wife. There is no showing that the wife contributed money to the purchase of the home and the deed was actually taken in the name of the husband only. The funds for the purchase of the home were procured by a mortgage on a prior residence owned by the husband in which the wife refused to live. Both the husband and wife signed this mortgage. The first residence was later sold and the mortgage assumed by the purchasers. In addition, the wife signed the assumption of a $12,000 mortgage on the new home purchased by the husband. The record shows an offer by the husband to secure a release of the wife’s liability on these mortgages or to indemnify her for any liability that she may have.
We hold that this record does not demonstrate error upon the trial judge’s failure to find fraud in that the title to the marital home was taken in the husband’s name alone. See Sheppard v. Cherry, 118 Fla. 473, 159 So. 661 (1935); Miller v. Bay-To-Gulf, Inc,, 141 Fla. 452, 193 So. 425 (1940); and Casey v. Welch, Fla.1951, 50 So.2d 124. We hold, however, that it was error for the trial court to fail to include in its judgment a provision for either relieving the wife of the liability of the $38,000 and $12,000 mortgages or requiring the husband to execute and deliver under the court’s supervision a proper instrument indemnifying the wife from loss by liability upon these mortgages.
The husband has failed to demonstrate error upon the trial court’s allowance, under the circumstances of this case, of an attorney’s fee for the wife.
Accordingly, the cause is affirmed in part, reversed in part and remanded with directions.