BERANEK, Judge.
This is an appeal by plaintiff from a judgment denying in part plaintiff’s suit to foreclose a mortgage on real estate. The facts, as between plaintiff/appellant, and the appellees herein appear undisputed. Granville Clare was an elderly gentleman and at the time in question was being cared *1006 for by Hartman Morley and Margaret Bennett. Mr. Clare was desirous of borrowing $7,500 and the plaintiff, Ronald Baron, loaned Mr. Clare this amount of money which was secured by a mortgage on real estate owned by Clare. Clare signed the mortgage and received the loan proceeds. Mr. Clare died and the loan went into default. Plaintiff sought to foreclose the mortgage against the estate of Mr. Clare and his daughter who was serving as his personal representative.
The estate filed an answer to the mortgage foreclosure complaint which simply stated that Mr. Clare had had a stroke and that during the time in question he had been “unable to transact any business due to his mental condition.” The estate also filed a third party complaint against Mr. Morley and Mrs. Bennett. This third party complaint asserted that these individuals had fraudulently conspired to arrange the mortgage and to take the cash proceeds of the loan.
The matter proceeded to trial at which time counsel for the estate dismissed the third party action sounding in fraud against the two individuals who were alleged to have taken the proceeds of the loan. The court eventually entered final judgment with prejudice as to these third party claims. In the foreclosure action the court entered a final judgment finding the mortgage was “permeated with fraud” and refusing to enforce it. The court found the plaintiff/mortgagee should have known that a fraud was being perpetrated upon the mortgagor. The court did not make any finding as to who it was that was perpetrating the fraud upon the mortgagor.
Appellant now argues there was absolutely no evidence that he was involved in the alleged fraud in any way. It is appellant’s position and was his testimony at trial that the decedent appeared normal to him when he loaned, him the $7,500 and took back the mortgage and that he had no knowledge of the alleged fraudulent conspiracy by Morley and Bennett. In the face of this argument by appellant, appellee has failed to direct this court’s attention to the slightest bit of evidence which would support any finding that the mortgagee was a party to any fraud. In fact, the court did not find the mortgagee was a party to fraud and from the pleadings the only parties alleged to have been engaged in fraud were the third party defendants in the action willingly dismissed by the third party plaintiff.
After a thorough review of this record, we conclude that reversal is warranted. In Sheppard v. Cherry, 118 Fla. 473, 159 So. 661 (1935), it was asserted that the defendant/mortgagor had been insane and that fraud existed in procuring a mortgage from him. 159 So. at page 662, the Court stated:
Fraud is never presumed, but may be inferred from the facts and circumstances. The burden of proving it is upon him who asserts it, but a wide latitude is allowed in the manner of its proof. To set aside a mortgage on the ground of fraud or duress practiced or exercised in its procurement, such fraud or duress must be participated in to some extent by the mortgagee. Smith v. Commercial Bank, 77 Fla. 163, 81 So. 154, 4 A.L.R. 862.
According to the weight of authority, even complete insanity of one of the parties to a contract is not sufficient reason for setting it aside where it was entered into in good faith, without fraud or imposition, for a fair consideration, without notice of the infirmity, and before an adjudication of insanity, and has been executed in whole or in part, unless the parties can be restored to their original position.
In McGill v. Boulevard & Bay Land & Development Co., 100 Fla. 906, 130 So. 460 (1930), the court stated at page 461 as follows: “Where fraud is asserted as a defense or ground for relief against a mortgage, the burden of proving it is upon the party asserting the same, and the proof thereof must be clear and convincing. . . . ”
In this case there was no pleading raising the issue of fraud as a defense to the mortgage foreclosure claim by plaintiff. As such the trial court erred in entering final judgment and finding fraud as a defense. *1007 Further, the court erred because there is simply no evidence that the plaintiff was engaged in any fraudulent conduct to the detriment of the decedent. The judgment below is, therefore, reversed and remanded with directions to enter final judgment for the plaintiff granting foreclosure.
REVERSED AND REMANDED WITH DIRECTIONS.
DOWNEY, C. J., and CROSS, J., concur.