MILLS, Judge.
Brown, assignee of a judgment, appeals an order of the trial court discharging Russo, the debtor, from paying the judgment because Russo had paid the amount of the judgment to Virginia National Bank, the assignor, without notice of the assignment. We affirm.
On 15 October 1975, Virginia National Bank obtained a judgment against Russo in the amount of $9,325. No action was taken to collect the judgment. In November 1980, Brown filed suit against Russo to foreclose on a second mortgage which he held on a parcel of property owned by Russo. Brown attempted to secure an assignment of the Bank’s prior judgment because it was superior to his mortgage. On 29 May 1981, Lipman, an attorney for the Bank, executed an assignment on behalf of the Bank and recorded it in Escambia County on the same day. The Bank executed an assignment to Brown on 5 June 1981, but this assignment was not recorded until 30 June 1981.
Meanwhile, in an attempt to refinance another parcel of his property, Russo contacted the Bank to inquire about the satisfaction of the 1975 judgment. He was told that if he would send $1,000 down and a note for $2,000 payable in installments the Bank would execute a satisfaction of the judgment. Russo sent the $1,000 on or about 24 June 1981, and he sent the note approximately one day thereafter.
On 28 June 1981, Russo, for the first time, received actual notice of the Bank’s prior assignment of the judgment to Brown. On 29 June 1981, the Bank executed a satisfaction of the judgment which was recorded on 6 July 1981. Thereafter, Brown attempted to levy on Russo’s property pursuant to his judgment. The trial court quashed the assignment of judgment and writ of execution, holding that because Russo had made payment before receiving actual or implied notice of the assignment, he was discharged.
There is no dispute that Russo received actual notice of the assignment after actual payment had been made but before a satisfaction of judgment had been formally executed by the Bank. In Boulevard National Bank of Miami v. Air Metals Industries, Inc., 176 So.2d 94 (Fla.1965), the Florida Supreme Court quoted with approval the general rule that where the debtor pays the assignor before receiving notice of the assignment to the assignee, the debt will be discharged. See also, 32 A.L.R. 1021 and cases cited therein.
Russo was discharged on the date he paid the judgment to the Bank.
AFFIRMED.
BOOTH and THOMPSON, JJ., concur.