# Third District Court of Appeal

## State of Florida

Opinion filed August 9, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-2445
Lower Tribunal No. 11-32903
_____

**The Bank of New York Mellon, etc.,**
Appellant,

vs.

**Keith A. Simpson,**
Appellee.

An appeal from a non-final order from the Circuit Court for Miami-Dade County, Eric William Hendon, Judge.

Lapin & Leichtling, LLP and Adam B. Leichtling and Anne Janet Hernandez Anderson, for appellant.

Jacobs Keeley, PLLC and Bruce Jacobs and Court Keeley, for appellee.

Before SUAREZ, EMAS, and LOGUE, JJ.

SUAREZ, J.

The Bank of New York Mellon ["BNYM"] appeals from the lower court's

order vacating the December 6, 2013 Consent Final Judgment of Foreclosure, as

well as the Settlement and Release Agreement between BNYM and homeowner Keith A. Simpson ["Simpson"]. We reverse and remand for reinstatement of the Final Judgment.

Simpson defaulted on his mortgage in 2011. In 2013 the parties entered into a Settlement and Release Agreement [SRA] by which the Simpsons agreed to enter into a Consent Final Judgment in exchange for an extended foreclosure sale date and BNYM's waiver of its right to seek a deficiency judgment. The SRA included a full release of BNYM from any and all claims that could be asserted in the foreclosure action. The SRA required any modifications or amendments to be made within 30 days; none were.

At the time that BNYM and Simpson entered into the SRA, the foreclosure trial was imminent, and Simpson's attorney at the time, Ms. Barrow, was attempting to renegotiate the loan with the Bank. The record clearly shows that Attorney Barrow advised Simpson that he would not prevail at the foreclosure trial, and that a reasonable legal strategy would be to "buy time" in between the final judgment and foreclosure sale date in order to negotiate new loan terms. Simpson entered into the Settlement and Release with the Bank, secured a delayed sale date and in return the Bank agreed it would not seek a deficiency judgment against him. The court rendered Final Consent Judgment in foreclosure.

Simpson subsequently sought to delay the sale date, to vacate the sale, then after many motions and a new attorney (his current attorney, Bruce Jacobs), sought to challenge the SRA and Final Consent Judgment via rule 1.540(b) for mistake, inadvertence or fraud. Simpson's counsel now alleges that, at the time Simpson entered into the mortgage and note with BNYM, there was ongoing fraud committed by other banks; if he could have engaged in discovery during the foreclosure, he argued, he could have provided evidence of this.[1]  After hearing argument from both parties at the September 26, 2016 evidentiary hearing, the trial court agreed with Simpson's counsel that the general allegations of fraud in the mortgage banking industry warranted vacating the SRA and Final Consent Judgment in this case, putting the parties back into their pre-foreclosure status. This appeal ensued.

The standard of review of a 9.130(a)(5) appeal of a motion filed under Florida Rule of Civil Procedure 1.540(b) is usually abuse of discretion.  However,

> The principles of law to be applied in an action to set aside a contract for unilateral mistake or fraud are more stringent than the standards that have so far been established for the setting aside of a judgment pursuant to Rule 1.540, when the judgment entered pursuant to that rule is not based on a settlement.

Smiles v. Young, 271 So. 2d 798, 801 (Fla. 3d DCA), cert. denied, 279 So. 2d 305 (Fla. 1973).   The record in the case before us shows that Simpson entered into the

---

[1] Mr. Jacobs was not Simpson's attorney during the foreclosure proceedings.

valid SRA with BNYM well before Simpson's current counsel Jacobs was hired. Simpson argues on appeal that the SRA and Final Consent Judgment should be vacated because, if Simpson had known before he entered into the SRA about his current counsel's "investigations" into the general mortgage banking industry, he would never have signed it, but hired Jacobs instead. The generalized allegations of fraudulent practices in the mortgage industry now asserted by Simpson in his Rule 1.540 motion and here on appeal were known and could have been discovered by due diligence at the time the foreclosure suit was pending between 2011 and 2013. This Court has held to the principle that that Rule 1.540(b) does not have as its purpose or intent the reopening of lawsuits to allow parties to state new claims or offer new evidence omitted by oversight or inadvertence. See Miami Nat. Bank v. Sobel, 198 So. 2d 841, 842 (Fla. 3d DCA 1967).

Furthermore, at the Rule 1.540 hearing Simpson's counsel did not set forth any "clear and convincing" evidence that BNYM committed fraud in the underlying mortgage and note documents – there is no evidence in the record that this mortgage and note were fraudulently rendered, or that the assignments were manufactured or robo-signed. E.g., McGill v. Boulevard & Bay Land & Development Co., 130 So. 460 (1930) ("Where fraud is asserted as a defense or ground for relief against a mortgage, the burden of proving it is upon the party asserting the same, and the proof thereof must be clear and convincing. . . .").

4

Merely invoking current counsel's "investigations" into certain alleged fraudulent practices of the mortgage banking industry at that time does not meet the legal standards for evidence of fraud *in this case*. The record contains no specific allegations or any factual evidence that BNYM committed any fraud with regard to Simpson's mortgage. Additionally, Simpson did not present any evidence of duress in entering into the SRA. To establish duress, he must prove that the SRA was effected involuntarily and was not an exercise of free will, and that this condition of mind was caused by improper or coercive conduct by the other party. See City of Miami v. Kory, 394 So. 2d 494 (Fla. 3d DCA 1981). Simpson did not prove either element of duress. To the contrary, testimony from Simpson and his then-attorney Ms. Barrow shows that Simpson's decision to enter into the SRA and Consent Final Judgment was a tactical litigation strategy to buy more time for an extended sale date in order to seek a loan modification.[2] Simpson did not argue

---

[2] The record shows that Simpson's initial counsel in the foreclosure, Ms. Barrow, represented her client competently, filed all necessary documents and pleadings, asserted valid defenses to foreclosure, and negotiated effectively for her client given his circumstances at the time. Simpson now argues that Barrow failed to plead fraud or mistake in the foreclosure proceedings. Failure to plead available defenses, however, is not a basis for relief from a judgment or decree under Rule 1.540(b). Attorney Barrow did plead lack of standing by challenging the assignments. Furthermore, discovery was ongoing when Simpson made the decision to end the litigation by settling. There is no record showing of ineffective or incompetent representation as Simpson's current attorney Jacobs suggests of Ms. Barrow on appeal. Simpson was competently represented by counsel, had full access to discovery (in fact, the record reveals that he made full use of his discovery rights up until deciding to enter into the SRA), and he had every right to reject the settlement offer until he could adequately explore his defenses.

that the SRA is ambiguous or unclear, and he did not ask to set the SRA aside. He did not file any affidavits; he has not preserved any argument regarding the SRA's validity or interpretation.

Simpson's motion to vacate the Final Judgment was based on allegations made by his current attorney that have no specific relation to the facts of this case, during a time when Simpson was not represented by that attorney, and are merely generalized complaints about the mortgage banking industry. The SRA was entered into by Simpson with full knowledge, and the releases therein are valid and effective to bar the claims he raised in the Motion to Vacate, including those generalized references to an "investigation of the mortgage banking industry" in which his current counsel is engaged. The issues Simpson now raises are not valid bases under Rule 1.540 to relieve him from the Consent Final Judgment or from his agreements in the SRA. He cannot use the rule to allow him to avoid the consequences of his decision to settle litigation, even if he regards it as a "bad" settlement in retrospect.

We therefore reverse the order on appeal and instruct the trial court on remand to deny Simpson's amended Motion to Vacate Final Judgment, direct the court to reinstate the SRA and Final Consent Judgment in foreclosure and grant BNYM's Amended Motion to Enforce Order enforcing the parties' Settlement Agreement and General Release of Claims.

6